

ENTERED
02/10/2017

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FORBES ENERGY SERVICES LTD., et al.,[1] | § | Case No. 17-20023 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | **Re:  Docket No.  68** |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER UNDER SECTIONS 105, 363, 365, 1107 AND 1108 OF THE BANKRUPTCY CODE (I) AUTHORIZING ASSUMPTION OF ASSET PURCHASE AGREEMENTS; (II) APPROVING PRIVATE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS THEREUNDER; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 363, 365, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") (a) authorizing assumption of that certain *Asset Purchase Agreement* attached as Exhibit A to the Motion (the "Truck Purchase Agreement") by and between Debtors C.C. Forbes, LLC ("CCF) and TX Energy Services, LLC ("TES") and Dealer Title Transfer, Inc., a Texas corporation ("DTT") and that certain *Asset Purchase Agreement* attached as Exhibit B to the Motion (the "Tractor Purchase Agreement") by and between TES and Auto Depots, a Texas company ("Auto Depots" and, together with DTT, the "Buyer"); (b) approving the private sale (the "Sale") of certain tractors (the "Assets") as described in and subject to the terms and

---

[1]  The Debtors, together with the last four digits of each Debtor's tax identification number, are:  Forbes Energy Services Ltd. (1100); Forbes Energy Services LLC (6176); C.C. Forbes, LLC (5695); TX Energy Services, LLC (5843); and Forbes Energy International, LLC (6617).  The location of the Debtors' headquarters and service address is 3000 South Business Highway 281, Alice, TX 78332.

[2]  Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

conditions of the Purchase Agreements, free and clear of liens, claims, encumbrances, and interests ("Interests"); and (c) granting related relief; and upon the Declaration of L. Melvin Cooper; and finding that notice of the Motion was appropriate and sufficient and that no other notice need be given, after due deliberation and sufficient cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Motion is granted.

2.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334.

3.      As evidenced by the declarations of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion, the Hearing and the Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice of the Motion, the Hearing or of the entry of this order is required.

4.      All objections to the Motion not withdrawn are overruled and denied.

5.      Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

6.      The Purchase Agreements are hereby deemed assumed by the Debtors pursuant to section 365 of the Bankruptcy Code.

7.      The Sale of the Assets to Buyer on the terms and conditions set forth in the Purchase Agreements is hereby approved.

DOCS_SF:93100.1 28707-002

8.      The Debtors are authorized to proceed with the Sale.  This Order shall

constitute all approvals and consents, if any, required by applicable business, corporation, limited

liability company, trust and other laws of applicable governmental units with respect to the

implementation and consummation of the Purchase Agreements and this Order and the

transactions contemplated thereby and hereby.

9.      Upon the closing date, all right, title and interest in and to the Assets shall

be immediately vested in the Buyer pursuant to section 363(b) and (f) of the Bankruptcy Code

free and clear of Interests.

10.      Effective upon the Closing Date, any Interests against the Assets shall

attach to the proceeds of the Purchase Agreements with the same extent, validity, priority and

effect, if any, as the Interests formerly had against the Assets, subject to the Debtors' ability to

challenge the extent, validity, priority and effect of the Interests (except to the extent such ability

is limited by any financing order).  The Debtors shall use the proceeds of sale subject to and in

accordance with any order for use of cash collateral and budget.

11.      This Order is and shall be effective as a determination that all Interests

existing as to the Assets conveyed to the Buyer have, effective as of the closing date, been and

hereby are terminated and declared to be unconditionally released, discharged and terminated,

and such determination shall be binding upon and govern the acts of all entities, including all

filing agents, filing officers, administrative agencies or units, governmental departments or units,

secretaries of state, federal, state and local officials and all other persons and entities who may be

required by operation of law, the duties of their office, or contract, to accept, file, register or

3

otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to the Assets conveyed to the Buyer.  Each of the Buyer and

the Debtors may take such further steps and execute such further documents, assignments,

instruments and papers to implement and effectuate the transactions contemplated in this

paragraph.  All Interests of record as of the date of this Order and the closing date shall be

forthwith removed and stricken as against the Assets.

13. As the Sale was non-collusive, fair and reasonable and conducted in good

faith, and the transactions contemplated by the Purchase Agreements have been bargained for

and undertaken by the Debtors and the Buyer at arm's length and without collusion, the Sale

approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy

Code.

13. The provisions of this Order and any actions taken pursuant hereto shall

survive the entry of any order which may be entered converting the Debtors' cases from Chapter

11 to a case under Chapter 7 of the Bankruptcy Code.

14. The terms and provisions of the Purchase Agreements, together with the

terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the

benefit of, the Debtors, their estates, any trustee appointed in these cases (whether in Chapter 7

or Chapter 11), their creditors, the Buyer and its respective affiliates, successors and assigns, and

any affected third parties, including but not limited to, any and all persons asserting a claim

against or interest in the Debtors' estates or the Assets.

DOCS_SF:93100.1 28707-002

15.     Because the Court finds that the Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, in the event that the parties to the Sale consummate the transactions contemplated thereby while an appeal of this Order is pending, the Buyer shall be entitled to rely upon the protections of section 363(m) of the Bankruptcy Code, absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation.

16.     This Court retains jurisdiction to:

a.     Interpret, implement and enforce the terms and provisions of this Order and the terms of the Purchase Agreements, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith or related thereto;

b.     Until the entry of final decrees in these cases, resolve any disputes arising under or related to the Sale; and

c.     Adjudicate all issues concerning alleged Interests and any other alleged interests in and to the Assets or the proceeds of the Sale, including the extent, validity, enforceability, priority and nature of all such alleged interests relating to the proceeds of the Sale.

[*Remainder of page intentionally blank*]

17.     Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Motion or notice thereof shall be deemed to provide sufficient notice of the Debtors' request for waiver of the otherwise applicable stay of the order.  This Order shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure.

**Signed:  February 10, 2017.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

6